UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODSONGS, RAYDIOLA MUSIC, and MISS
BESSIE MUSIC,

      Plaintiffs,

vs.                                          Case No.: _____

WORKS OF B&L, L.LC. and AUSTIN B.
TOWERY,

      Defendants.

_____/

## COMPLAINT

      Plaintiffs, by their undersigned attorneys, allege:

      1.      This is a suit for copyright infringement under Title 17 of the United States Code.

      2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

      3.      Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

1

## THE PARTIES

4.      The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      Defendant Works of B&L, L.L.C. ("WBL") is a limited liability company organized under the laws of Florida with a principal place of business located at 333 1st Street North, Suite 150, Jacksonville Beach, Florida 32250.

6.      At all times hereinafter mentioned, WBL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Hoptinger, located at 333 1st Street North, Suite 150, Jacksonville Beach, Florida 32250.

7.      Musical compositions were, and are, performed publicly at Hoptinger.

8.      On information and belief, Defendant Austin Towery ("Towery" and, together with WBL, the "Defendants") is an individual who resides and/or does business in this District.

9.      On information and belief, at all times hereinafter mentioned, Towery was, and still is, an officer, director, owner, and/or manager of WBL.

10.      At all times hereinafter mentioned, Towery has had, and still has, authority over and/or responsibility for the control, management, operation and maintenance of the affairs of WBL.

11.      At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Hoptinger, including the

right and ability to supervise and control the public performance of musical compositions at the establishment.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Hoptinger.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 735,000 songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.  Defendants' knowledge and intent are established by the following facts:

(a)     Defendants entered into a license agreement with ASCAP, effective July 1, 2015.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

(b)    Defendants, however, failed to pay license fees as required by the license agreement.

(c)    Because of Defendants' failure to pay license fees due, on November 30, 2017, upon written notice, ASCAP terminated the agreement for default.

16.    Since termination of the Hoptinger's ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

17.    Defendants have refused all of ASCAP's license offers for Hoptinger.

18.    ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Hoptinger constitute copyright infringement of ASCAP's members' copyrights in their musical works that the establishment is open to the public for business and presenting musical entertainment.

19.    Notwithstanding the foregoing, Defendants have continued to perform publicly ASCAP's members' copyrighted music, without permission, during the hours that Hoptinger is open to the public for business and presenting musical entertainment.

20.    In undertaking the conduct complained of in this action, Defendants knowingly, intentionally, and willfully violated Plaintiffs' rights.

21.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22.    The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

23.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Hoptinger, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25.     The public performances at Hoptinger of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27.     The many unauthorized performances at Hoptinger include the performances of the three copyrighted musical compositions upon which this action is based.

28.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

5

29.     The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

## ADDITIONAL FACTS ESTABLISHING WILLFUL INFRINGEMENT

30.     On February 25, 2019, certain other members of ASCAP filed a virtually identical copyright infringement action against four defendants—including Mr. Towery—arising out of the unauthorized public performance of music at Surfer [the Bar], another establishment owned and operated by Mr. Towery.  That action was captioned *WB Music Corp., et al. v. Jax Beach Hospitality Group, L.L.C., et al.*, Civil Action No. 3:19-cv-238-J-32PDB (the "Surfer Action").

31.     On September 4, 2019, United States District Judge Timothy J. Corrigan ordered the entry of a "Consent Decree Granting Injunctive Relief" (the "Injunction") in the Surfer Action.

32.     Pursuant to the terms of the Injunction, the defendants in the Surfer Action, including Mr. Towery, were "jointly and severally enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory . . . and from causing or permitting such compositions to be publicly performed at any facility owned, operated, or conducted in whole or in part by any of the Defendants, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the copyright owners . . . or by license from ASCAP."

6

33.     Notwithstanding the entry of the Injunction in the Surfer Action, Defendant Towery has continued to permit the public performance of copyrighted music owned by ASCAP's members at Hoptinger, without first obtaining permission to perform those works either from the copyright owners or from ASCAP, in direct violation of that Injunction.

WHEREFORE, Plaintiffs pray:

I.     That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any other compositions in the ASCAP repertory for which Defendants have no license -- and from causing or permitting the said compositions or any other compositions in the ASCAP repertory to be publicly performed at Hoptinger, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.     That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c).

III.     That Defendants be decreed to pay the costs of this action and that a reasonable attorneys' fee be allowed as part of the costs.

IV.     For such other and further relief as may be just and equitable.


Dated:  Jacksonville, Florida
          March 3, 2020

**HOLLAND & KNIGHT LLP**

By:  */s/ Frederick D. Page* _____
     Frederick D. Page
     Florida Bar No. 968587
     Fred.page@hklaw.com
          Kathleen.griffith@hklaw.com
     Laura B. Renstrom
     Florida Bar No. 108019
     Laura.renstrom@hklaw.com
          Wanda.adair@hklaw.com
     50 North Laura Street
     Suite 3900
     Jacksonville, FL 32202
     Telephone:  (904) 353-2000
     Facsimile:  (904) 358-1872

     *Attorneys for Plaintiffs*

8